UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAURA HERNANDEZ, § § § Plaintiff, § § v. § § GE CAPITAL RETAIL BANK, § § Defendant. § | Civil Action No.: 4:14-CV-01875 |

### DEFENDANT GE CAPITAL RETAIL BANK'S
### MOTION TO DISMISS WITH PREJUDICE FOR WANT OF PROSECUTION

Defendant Synchrony Bank f/k/a GE Capital Retail Bank ("Synchrony") moves the Court to dismiss all of Plaintiff Laura Hernandez claims and causes of action against Synchrony with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) ("Rule 41(b)"), and in support thereof, states as follows.

**Factual Background**

On July 3, 2014, over a year ago, Plaintiff filed her complaint against Synchrony. Synchrony filed its answer on August 21, 2014. [Doc. No. 7]  A Scheduling Order was issued in this matter on November 6, 2014. [Doc. No. 13] In March of 2015, counsel for Plaintiff advised counsel for Synchrony that Plaintiff's counsel would be withdrawing their representation of Plaintiff due to irreconcilable differences.  The Court granted the withdrawal of Adam Hill on May 19, 2015 [Doc. No. 16], and the withdrawal of Ryan Lee on August 4, 2015 [Doc. No. 17]. Since that time, no other counsel has appeared on behalf of Plaintiff.

Since Plaintiff's counsel withdrew, counsel for Synchrony has tried to contact the Plaintiff.  Counsel for Synchrony has called plaintiff three times at the telephone number provided for her and sent a letter to her on October 7, 2015, requesting that Plaintiff provide facts

and documentation supporting her allegations in her complaint. *See* **Exhibit 1.** Counsel for Synchrony has received no response from Plaintiff.

To date, Plaintiff has not provided Synchrony with any documentation or information regarding her claims or alleged damages. Plaintiff has not designated any experts in this matter. Plaintiff has not filed any disclosures in this case.

### Argument

Rule 41(b) permits a defendant to move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with … a court order." Fed. R. Civ. P. 41(b). Should a court grant a defendant's Rule 41(b) motion, a dismissal under the rule "operates as an adjudication on the merits." *Id.* Although dismissal under Rule 41(b) is a harsh remedy, it is warranted where there is a clear record of delay or wayward conduct. *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985). In most cases in which a court grants a dismissal with prejudice for failure to prosecute, the court found one of three aggravating factors: "(1) delay caused by the plaintiff herself and not her attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Tips v. Regents of Texas Tech Univ.*, 66 F.3d 321 (5th Cir. 1995).

Under these guidelines, this case is highly appropriate for exercise of the Court's power to dismiss for failure to prosecute. Plaintiff's non-action in this case warrants dismissal under Rule 41(b) because it has resulted in needless delay and expense in this litigation. Plaintiff's delay is caused by Plaintiff herself, and not her former counsel who withdrew months ago. Despite multiple attempts by Synchrony to contact Plaintiff about this case, Plaintiff has not provided any information or documentation regarding her damages or claims in this matter. Synchrony has not contributed to the delay in prosecuting this action, and should not be made to wait indefinitely for Plaintiff to pursue her claims and causes of action.

Docket Call in this matter is set for Friday, October 23, 2015, and trial in this matter is scheduled to begin on Monday, October 26, 2015. Due to the lack of Plaintiff's prosecution of her case, Synchrony has no means by which to present a defense in this matter. It can only be determined that she no longer desires to pursue this case.

Accordingly, for the reasons stated above, dismissal for failure to prosecute under Rule 41(b) is warranted and justified.

## Conclusion

WHEREFORE, Defendant Synchrony Bank f/k/a GE Capital Retail Bank respectfully request that this Court enter an order (i) dismissing this action in its entirety, on the merits and with prejudice, pursuant to Rule 41(b); and (ii) for any other relief this Court deems just and proper.

Respectfully submitted,

REED SMITH LLP

/s/ *Michael H. Bernick*
Michael H. Bernick
Texas Bar No. 24078227
Fed. ID #1439062
811 Main Street, Suite 1700
Houston, TX  77002-6110
TELEPHONE: (713) 469-3834
FACSIMILE:  (713) 469-3899
Email: mbernick@reedsmith.com

ATTORNEY-IN-CHARGE FOR
DEFENDANT SYNCHRONY BANK,
F/K/A GE CAPITAL RETAIL BANK

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2014, a true and correct copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System.

Laura Hernandez  *Via First Class Mail & Certified Mail*
501 Massey Tompkins Rd., Apt. 71  *Return Receipt Requested*
Baytown, Texas 77521

/s/ *Michael H. Bernick*
Michael H. Bernick

## CERTIFICATE OF CONFERENCE

I hereby certify that I made multiple attempts to contact Plaintiff by phone and letter regarding this motion. However, Plaintiff never responded.

/s/ *Michael H. Bernick*
Michael H. Bernick